```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

AMERICAN MOTORIST INSURANCE   }
COMPANY, INC.,                }
                              }
     Plaintiff,               }    CIVIL ACTION NO.
                              }    06-AR-1032-S
v.                            }
                              }
CAPSTONE DEVELOPMENT          }
CORPORATION, INC.,            }
                              }
     Defendant.               }
```

**<u>MEMORANDUM OPINION</u>**

Before the court is the motion of defendant, Capstone Development Corporation, Inc. ("CDC"), to dismiss without prejudice the above-entitled action filed by plaintiff, American Motorist Insurance Company, Inc. ("AMICO"), for failure to join an indispensable party under Rule 19, Fed. R. Civ. P. For the reasons that follow, CDC's motion will be granted.

*Facts and Procedural History*

In 2000, CDC contracted with the University of Connecticut ("UConn")to act as a designer/builder/developer for a university commons project. Compl. (Doc. No. 1), at ¶ 6. As part of that contract, CDC and UConn entered into an Owner Controlled Insurance Program ("OCIP"). *Id.* Pursuant to the OCIP, UConn obtained a "Commercial General Liability Coverage" policy with Reliance National Insurance Company ("Reliance"). *Id.*, at ¶ 7. The named insured on the Reliance policy was UCONN 2000 Phase II OCIP, an entity comprised of CDC, UConn, and others. *Id.*, at ¶¶ 6-7. At

some time after Reliance issued the policy, due to financial difficulties of Reliance, American Protection Insurance Company ("American Protection") assumed Reliance's role as the responsible insurer.  *Id.*, at ¶ 9.  AMICO, the party now seeking declaratory judgment, is American Protection's successor in interest.  *Id.*, at ¶ 1.

In the summer of 2004, UConn became dissatisfied with CDC's performance as the designer and developer of the university commons project.  *Id.*, at ¶ 9.  CDC has since presented to AMICO estimates of UConn's claimed damages ranging from $650,000 to $4,650,000, and has "demanded that AMICO represent it, and participate on its behalf in a mediation of the claims of UCONN, and . . . protect it and its interest in such mediation."  *Id.*, at ¶¶ 9-11.  AMICO filed this action on May 30, 2006, seeking, *inter alia*, a declaration that it has no obligation under the insurance policy to pay any sums or to perform any acts on behalf of CDC to non-party UConn.  *Id.*, at p. 13, ¶ V.5.

UConn is not named as a party in AMICO's complaint, although it is, like CDC, one of the insured entities of the OCIP.  Included in CDC's answer is a motion to dismiss for failing to name UConn, which CDC asserts to be an indispensable party.  After setting a hearing on CDC's motion to dismiss, the court was notified by CDC that it could not, at that time, provide legal support for its motion to dismiss.  CDC also informed the court of its intention to

reserve the right to renew its motion after the facts had been sufficiently developed.  In light of CDC's representations, the court entered an order on October 10, 2007, denying CDC's motion to dismiss.

In an order entered on May 14, 2007, the court allowed CDC to renew its motion to dismiss under Rule 19(b), Fed. R. Civ. P.  CDC filed its renewed motion on May 19, 2007.

*Analysis*

The court agrees that UConn is a necessary and indispensable party to this action, and that dismissal without prejudice is therefore appropriate.  If a person described in Rule 19(a),[1] subdivision (1)-(2) cannot be made a party to an action, the court must determine if the action must be dismissed upon consideration of the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those

---

[1] Rule 19(a) provides:

**Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. *See* Rule 19(b), Fed. R. Civ. P.; *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1973). CDC discusses in depth the application of these four factors to the facts of this case, but despite the somewhat inordinate length of its response to CDC's motion, AMICO does not straightforwardly address them. The court concludes, upon consideration of the Rule 19(a) factors, that dismissal is warranted.

First, there is no doubt that UConn could be highly prejudiced by a judgment in favor of AMICO rendered in its absence. It is just as much a member of the OCIP as CDC is. AMICO alleges that UConn has made numerous complaints against CDC for defects and deficiencies in CDC's performance, and that the corresponding costs to UConn have been between $650,000 and $4.65 million. It prays for this court to "order, adjudge, declare, [and] decree that there is no responsibility, coverage, protection, or obligation or liability **to pay any sums or perform any acts** on behalf of [CDC] for the claims asserted by UConn under the policy of insurance . . . ." Compl., at p. 13, ¶ V.5 (emphasis added). If the court were

to grant AMICO's prayer for relief, and if CDC were unable to defend itself or to compensate UConn for the damages UConn allegedly has sustained, there is a distinct and very real possibility that UConn would find itself with no meaningful remedy for the alleged deficiencies in CDC's performance unless, as to it, the whole proceeding in this court is meaningless.  If such a result would not prejudice UConn, the court does not know what would.

Second, the court is unable to imagine any protective measure, short of an order disclaiming any adjudicative effect as to any right of UConn, that it possibly could incorporate into the relief demanded by AMICO that would adequately lessen the obvious potential prejudice.  If AMICO has attempted to show that incorporation of such protections is possible, that attempt is buried so deeply in its lengthy response to CDC's motion that the court cannot find it.  The relief AMICO seeks is abundantly clear.  It seeks nothing short of a declaration that it need not take any part in the resolution of UConn's claims against CDC, whether in mediation or otherwise.  Such a demand does not leave much room for fashioning creative or imaginative provisions that might allayconcerns about the potential prejudice to UConn.

Third, judgment rendered in favor of AMICO, without UConn's participation in the litigation, would not resolve all issues that inhere with this lawsuit.  It is unrealistic to believe, if this

court were to declare that AMICO has no obligation whatsoever with respect to UConn's claims against CDC, that UConn would not seek to relitigate many of the very same substantive issues that AMICO raises in its complaint. *See Ranger Ins. Co.*, 488 F.2d at 684 ("[T]hey could force relitigation of the very issue here involved, that of whether the appellant is liable under its insurance contract"). According to AMICO there is at least $650,000, and possibly much more, at stake in the underlying dispute between CDC and UConn. If the court issues a dispositive order that creates any sort of obstacle to UConn's recovering an amount in such a ballpark, both AMICO and CDC can rest assured that UConn will not be any more satisfied than this court is that its interests were adequately represented in this court.

Finally, AMICO will have an adequate remedy if this court dismisses the action without prejudice. CDC has expressly consented to personal jurisdiction in Connecticut, and the court sees no reason why the courts of Connecticut are not as qualified as this court to adjudicate AMICO's claims. *See id.* (explaining that the insurer was not necessarily without an adequate alternative remedy because "it could seek its declaratory judgment in the state courts of Texas, where the claimants could be joined without destroying jurisdiction").

This case is indistinguishable from the case that was before the Eleventh Circuit in *American Safety Cas. Ins. Co. v. Condor*

*Associates, Ltd*.  In that case, an insurer sought a declaratory judgment that it had no duty under an insurance policy to defend or indemnify an insured for damages alleged to have been sustained by two injured parties.  129 Fed. Appx. 540, 541 (11th Cir. 2005). The Eleventh Circuit held that the district court's dismissal of the action under Rule 19(b) for failing to add the injured parties was not an abuse of discretion.  *Id.* at 543.  The court in *American Safety* declined to reverse the district court's dismissal, despite the facts that the injured parties could have intervened under Rule 24(a) and that the injured parties and the insured might have shared an "identity of interests."  *Id.* at 542-43.  *American Safety* is the most on-point precedent available, and this court has no reason not to follow it.  AMICO understandably attempts to distinguish it, but the court is not persuaded. AMICO specifically argues that it seeks only a determination of its duty to **defend** CDC, unlike the insurance companies in *American Safety* and in *Ranger* which sought determinations regarding **indemnification** obligations.  Even if such a distinction were important, the court does not agree that AMICO's current portrayal of the relief it seeks is accurate.  If dismissal under Rule 19(b) was proper in *Ranger* and in *American Safety*, dismissal is proper here.  That AMICO now characterizes its complaint to relate only to a determination of its duty to defend, despite its express request for a declaration that it has no responsibility or obligation to

7

"pay any sums" on behalf of CDC, does not make UConn any less indispensable.

AMICO also argues that consideration of the four factors enumerated in Rule 19(b) is premature because such an analysis is appropriate only "**[i]f** a person described in Rule 19(a), subdivision (1)-(2) cannot be made a party to an action." Rule 19(b), Fed. R. Civ. P. (emphasis added). CDC asserts that UConn cannot be joined here because UConn is not subject to personal jurisdiction in Alabama, an assertion that AMICO calls "almost comically ludicrous." If ludicrous, why has not AMICO added UConn as a party? The court respectfully disagrees with AMICO, and it shares CDC's doubts about personal jurisdiction over UConn. But even if the court assumes that these concerns are unwarranted and that UConn would be subject to jurisdiction in this court, dismissal of the action without prejudice will permit AMICO simply to re-file this lawsuit, with UConn added as a named party, here in the Northern District of Alabama. No harm, no foul.

Finally, even if it turns out that UConn is, in fact, not a necessary and indispensable party to this action, the court would do what Judge Hancock did in *Capstone Building Corp. v. American Motorist Insurance Company, Inc.*, 2:06-cv-639-JHH (N.D. Ala.), Memorandum of Opinion and accompanying Order dated April 17, 2007 (Docs. Nos. 38 and 39), and exercise its discretion under the Declaratory Judgment Act to decline to entertain this suit for

8

declaratory relief.  *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264, 266 (5th Cir. 1978).  The court would dismiss AMICO's complaint without prejudice for the same reason that Judge Hancock dismissed the complaint in *Capstone Building Corporation*, namely, that any ruling by this court would undoubtedly affect UConn.  Accordingly, this action will be dismissed without prejudice by separate order.

    DONE this 12th day of June, 2007.

                                       */s/ William M. Acker, Jr.*
                                       WILLIAM M. ACKER, JR.
                                       UNITED STATES DISTRICT JUDGE